# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 20-18197-KHT |
| Carole S. McNitt ) | |
| ) | |
| Debtor. ) | Chapter 13 |
| ) | |
| ) | |
| A. Lee Steed ) | |
| ) | |
| Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| Carole S. McNitt ) | |
| ) | |
| Respondent ) | |

### ORDER APPROVING DEBTOR'S CONFESSION TO PROSPECTIVE RELIEF FROM STAY AND CO-DEBTOR STAY AND AGREEMENT TO DELIVER DEED IN LIEU OF FORECLOSURE

**THIS MATTER**, before the Court on the Amended Motion of A. Lee Steed ("Steed") for Relief From Stay and Co-Debtor Stay {Doc. No 39] and the Debtor's Confession to Prospective Relief From Stay and Co-Debtor Stay and Agreement to Deliver Deed in Lieu Of Foreclosure submitted herewith.

**THIS COURT** being advised as to the matter does hereby:

**Enter this Order** approving the Debtor's Confession to Prospective Relief From Stay and Co-Debtor Stay and Agreement to Deliver Deed in Lieu Of Foreclosure.

**IT IS FURTHER ORDERED THAT**:

1.     Debtor and the non-debtor spouse shall deliver to Debtor and the non-debtor spouse shall deliver to Debtor's counsel, Jesse Sweeney, upon execution of the Stipulation, a Deed in Lieu of Foreclosure and Affidavit for the benefit of A. Lee Steed, prospectively dated to June 1, 2021 to the following:

N ½ SE ¼ Section 28, Township 23 South, Range 72 West of the 6th P.M., County of Custer, State of Colorado.  Also known by street address as 3818 County Road 119, Westcliffe, CO 81252. ("Property").

2.	If Steed is not paid, in full, on or before May 31, 2021 than Sweeney shall deliver the Deed in Lieu and Affidavit to Movant's counsel on June 1, 2021 regardless of any requests or demands of the Debtor or non-debtor spouse not to do so. If Steed is not paid, in full, on or before May 31, 2021, the obligation to deliver on June 1,2021 is absolute.

3.	Steed shall not to take any action to obtain tile or record the Deed in Lieu of Foreclose until June 1, 2021, unless the Debtor attempts to extend the May 31, 2021 deadline for sale of the Property, in which event Steed may, at his option immediately record his Deed in Lieu of Foreclosure without any further order of this Court or proceed with the public trustee sale and foreclosure already pending, but stayed. Relief from stay and the co-debtor stay shall be deemed granted to do so.

4.	The Debtor shall have until May 31, 2021 to sell the Property for an amount adequate to fully pay Steed, in cash, for the full amount owed to him as of the date of sale.

5.	If full payment is not received by Steed from the sale of the property on or before May 31, 2021 then the Order for Relief From Stay shall enter, Ex Parte, upon the filing of a Notice of Default and request for entry of the order by Steed.

6.	Upon entry of the Order for Relief from Stay, Steed shall be authorized to take possession of and record the Deed in Lieu of Foreclosure, or if Steed deems it necessary, to proceed with foreclosure and the public trustee sale in Custer County, and take all further actions necessary to take possession, custody and control of the Property; it being clear that no further relief from stay is required to do so.

7.	 All claims objection of the Debtor to Steed's filed Proof of Claim, as amended, are deemed rendered moot by this Stipulation deemed withdrawn by the Debtor.

8.	The Parties are hereby directed to perform in accordance with the terms of the Debtor's Confession to Prospective Relief From Stay and Co-Debtor Stay and Agreement to Deliver Deed in Lieu Of Foreclosure. Debtor's failure to do so shall be deemed a default and the Order for Relief From Stay shall enter, Ex Parte, upon the filing of a Notice of Default and request for entry of the order by Steed.

Dated: April _____, 2021		X_____

					Honorable Kimberly H. Tyson

					United States Bankruptcy Court Judge